CITY OF KEY WEST v. STATE, et al.

Circuit Court, Monroe County.

February 16, 1956.

M. I. Lester, Key West, for petitioner.

William M. Smiley, State Attorney, for defendant.

AQUILINO LOPEZ, Jr., Circuit Judge.

This cause having come on for final hearing on February 10, 1956, on the date, and at the time and place set forth in the rule nisi in the form of an order to show cause heretofore issued by this court on January 19, 1956, against the state of Florida, and the several property owners, taxpayers, citizens and others having or claiming any right, title or interest in the property to be affected by the issuance of the bonds hereinafter mentioned, or to be affected in any way, on the petition of the said city and on answer of the Hon. William M. Smiley, state attorney of the twelfth judicial circuit of Florida, serving as state attorney of the sixteenth judicial circuit of Florida by assignment of the governor of the state of Florida, and the court having considered the same and the evidence adduced by the respective parties before the court, and the court having considered and determined all of the questions of law and fact in the cause and being now fully advised in the premises finds and adjudges—

*First:* That the petitioner, the city of Key West, Florida, is and at all times hereinafter mentioned was a duly and legally organized and existing political subdivision and municipal corporation of the state of Florida, organized under the provisions of the laws and constitution of the state of Florida and particularly chapter 23,374

of the Laws of Florida, 1945, and amendatory acts thereto. That the utility board of the city of Key West, Florida, exists by virtue of chapter 23,373 Laws of Florida, Acts of 1945, and other laws amendatory and supplemental thereto and manages, operates, maintains and controls the municipal electric utility owned by the city of Key West, Florida.

*Second:* That both under the constitution and laws of Florida and the charter of said city, said city has authority to issue the electric revenue refunding and improvement bonds, series 1955, herein sought to be validated.

*Third:* That the said city commission, as the governing authority of said city, did by ordinance no. 527, commission series, duly and legally adopted on separate readings on August 15, 1955 and September 12, 1955, as amended by ordinance no. 549, commission series, duly and legally adopted on separate readings on December 19, 1955 and January 5, 1956, which ordinance as so amended was approved by resolution adopted by the utility board of the city of Key West, Florida, on January 15, 1956, authorize and provide for the issuance of electric revenue refunding and improvement bonds, series 1955, of said city, in the principal amount of $9,600,000, dated April 1, 1955, in the denomination of $1,000 each, numbered 1 to 9600, inclusive, bonds numbered 1 to 169, inclusive, bearing interest at the rate of 2% per annum, bonds numbered 170 to 357, inclusive, bearing interest at the rate of 2¼% per annum, bonds numbered 358 to 746, inclusive, bearing interest at the rate of 2½% per annum, bonds numbered 747 to 1369, inclusive, bearing interest at the rate of 2¾% per annum, bonds numbered 1370 to 3884, inclusive, bearing interest at the rate of 3% per annum, and bonds numbered 3885 to 4796, inclusive, bearing interest at the rate of 3¼% per annum. Bonds numbered 4797 to 9600, inclusive, shall bear interest at such rate or rates not exceeding 6% per annum as may be fixed by resolution of the city commission at the time such bonds are sold, as provided in the proceedings authorizing their issuance. Interest is payable semi-annually on the first days of April and October of each year, and the bonds mature serially in numerical order on April 1 of each of the years as follows—

| Bond Numbers | | | Year | Amount |
|---|---|---|---|---|
| 1 | to | 22 | 1956 | $ 22,000 |
| 23 | to | 95 | 1957 | 73,000 |
| 96 | to | 169 | 1958 | 74,000 |
| 170 | to | 357 | 1959 | 188,000 |
| 358 | to | 549 | 1960 | 192,000 |
| 550 | to | 746 | 1961 | 197,000 |
| 747 | to | 948 | 1962 | 202,000 |
| 949 | to | 1156 | 1963 | 208,000 |

140

| | | |
|---|---|---|
| 1157 to 1369 | 1964 | 213,000 |
| 1370 to 1588 | 1965 | 219,000 |
| 1589 to 1814 | 1966 | 226,000 |
| 1815 to 2047 | 1967 | 233,000 |
| 2048 to 2287 | 1968 | 240,000 |
| 2288 to 2534 | 1969 | 247,000 |
| 2535 to 2788 | 1970 | 254,000 |
| 2789 to 3050 | 1971 | 262,000 |
| 3051 to 3320 | 1972 | 270,000 |
| 3321 to 3598 | 1973 | 278,000 |
| 3599 to 3884 | 1974 | 286,000 |
| 3885 to 4179 | 1975 | 295,000 |
| 4180 to 4483 | 1976 | 304,000 |
| 4484 to 4796 | 1977 | 313,000 |
| 4797 to 5120 | 1978 | 324,000 |
| 5121 to 5457 | 1979 | 337,000 |
| 5458 to 5806 | 1980 | 349,000 |
| 5807 to 6168 | 1981 | 362,000 |
| 6169 to 6544 | 1982 | 376,000 |
| 6545 to 6934 | 1983 | 390,000 |
| 6935 to 7338 | 1984 | 404,000 |
| 7339 to 7758 | 1985 | 420,000 |
| 7759 to 8193 | 1986 | 435,000 |
| 8194 to 8645 | 1987 | 452,000 |
| 8646 to 9114 | 1988 | 469,000 |
| 9115 to 9600 | 1989 | 486,000 |

The bonds are optional for redemption prior to maturity as provided in the proceedings authorizing said bonds, and are payable in lawful money of the United States of America at American National Bank and Trust Company of Chicago, Chicago, Illinois, or at the option of the holder at the bank in Florida which at the time of such payment is currently serving as trustee under the provisions of the ordinance authorizing the bonds. The bonds are authorized for the purpose of refunding the bonds described in the ordinance authorizing these bonds and for the purpose of paying the cost of improving and extending the electric light and power plant and system of said city.

*Fourth:* That said electric revenue refunding and improvement bonds, series 1955, are of the character and the said proceedings preliminary to the issuance thereof are of the nature which entitle the petitioner herein to proceed under the provisions of chapter 75 of the Florida Statutes, 1953, as amended, for the purpose of having the right of said city to issue said bonds determined.

*Fifth:* That due and proper notice to the state of Florida and the several property owners, taxpayers, citizens and others having or claiming any right, title or interest in the property to be affected by the issuance of the electric revenue refunding and improvement

bonds, series 1955, so authorized or to be affected in any way thereby, was duly published by the clerk of this court in a newspaper published and having general circulation in the city of Key West, Florida, once a week for three consecutive weeks, the first publication thereof having been made at least eighteen days prior to the date set for this hearing, all as required by chapter 75 aforesaid, as will more fully appear from the affidavit of the publisher of the Key West Citizen, heretofore filed herein.

*Sixth:* That no taxpayer, citizen or other person has become a party to this proceeding by pleading to said petition or otherwise, nor has any taxpayer, citizen or other person intervened herein or made application for intervention herein. Testimony was offered at the hearing on said petition by a resident taxpayer which related only to policy, which is a matter for determination by the constituted city officials and did not question the legality of the bond issue nor did his testimony show any cause why the bonds so authorized should not be validated and confirmed by this court.

*Seventh:* That the answer of the state attorney for and in behalf of the state of Florida shows no cause why the prayer of the petition should not be granted and discloses no irregularity or illegality in the proceedings set forth in said petition.

*Eighth:* The court finds that the city commission of the city of Key West, Florida, has not sold nor has it entered into an agreement to sell the said bonds sought to be validated.

*Ninth:* That this court has found that all requirements of the constitution and laws of the state of Florida pertaining to the issuance of said bonds and the adoption of said proceedings have been strictly followed;

Now, therefore, it is ordered, adjudged and decreed—

(a) That the issuance of the electric revenue refunding and improvement bonds, series 1955, of the city of Key West, Florida, above described, as provided by the ordinance authorizing the issuance of said bonds, a copy of which ordinance as amended has been duly filed in this cause, is for a proper, legal and corporate purpose, and is fully authorized by law and that said proceedings and the provisions thereof and said bonds and each of them when issued pursuant to said proceedings, are hereby validated and confirmed. The provisions made in the proceedings for the payment of said electric revenue refunding and improvement bonds, series 1955, and the interest thereon from the revenues to be derived from the operation of the city's electric plant and system, including all additions, extensions and improvements thereto which may hereafter

be made and the provisions and covenants entered into in said proceedings to secure and assure the payment of said bonds, and all other provisions and covenants contained in said proceedings are hereby declared to be fully authorized and to be in full compliance with all applicable laws and are hereby expressly validated and confirmed.

(b) The said electric revenue refunding and improvement bonds, series 1955, of the city of Key West, Florida, shall be sold at public sale, pursuant to public notice given by the city clerk of said city by publication in a financial newspaper or journal published in the city of New York, New York, and a newspaper of general circulation published in the city of Key West, Florida, such notice in each of said publications to be published twice, one week apart, the first publication to be not less than fourteen days before the date fixed for the sale of said bonds. The city commission may reject any or all of the bids. If no bids are received at such public sale, or if all bids are rejected, the bonds may be sold without notice at private sale at any time within one year thereafter; but such bonds shall not be sold at private sale on terms less favorable to the city than were contained in the best bid at the prior public sale.

(c) The clerk of this court is hereby directed, upon the expiration of twenty days from the entry of this decree, to sign and affix the seal of this court to the validation certificate provided in said proceedings to appear on each of the electric revenue refunding and improvement bonds, series 1955; provided, however, that should an appeal be taken from this decree within said period of twenty days, then and in that event, such validation certificates shall not be signed unless and until a mandate of the Supreme Court of Florida affirming this decree shall have been recorded in the office of said clerk or an order dismissing the said appeal shall have been recorded in the office of said clerk.